FILED

Rafael Villareal 44234-048
Federal Correctional Institute 2
Post Office Box 3850
Adelanto, California 92301

2015 AUG 27 PM 2: 14

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RAFAEL VILLAREAL,
     Plaintiff,

v.

Darrell Bull-President,
WEST ASSET MANAGEMENT,

      Defendant.

)
)
)
)
)
)
)
)
)
)

Case No **CV15-6578** *PSG* *MRW x*

**COMPLAINT**

RECEIVED
CLERK, U.S. DISTRICT COURT

AUG 24 2015

CENTRAL DISTRICT OF CALIFORNIA
BY      DEPUTY

A.         **JURISDICTION**

1.  This is an action that alleges that this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:

a. The plaintiff is an individual residing in and a citizen of the state of California ;

b. The defendant is a corporation organized and existing under the laws of the State of Texas   with its principle place of business in Sherman   , TX .

c. There is a complete diversity of citizenship between plaintiff and the defendant.

B.         **DEFINITIONS**

2.  The plaintiff, Rafael Villareal  is a "consumer" as defined by 15 U.S.C. § 1692a(3), as " any natural person obligated or allegedly obligated to pay any debt."

3.  The defendant, West Asset Management  is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as " any person who uses any

1  instrumentality of interstate commerce or the mails in any business

2  the principle purpose of which is the collection of any debts, or who

3  regularly collects or attempts to collect, directly or indirectly, any

4  debts owed or due or asserted to be owedor due to another."

5  C.                        STATEMENT OF THE CASE

6      4.      On 05/14/2015    , The plaintiff obtained a copy of his

7  credit report from Equifax Information Services, Experian Information

8  Solutions, and Trans Union Corporation which revealed that West Asset

9  Management    ("defendant") had placed an entry on plaintiffs credit

10  report which communicated that plaintiff allegedly had an account in

11  default with the defendant in the amount of $ 888.00 through

12  assignment from the original creditor    dated 04/01/2010 . See Exhibit A

13      5.      On June 22, 2015    , the defendant took receipt of plaintiffs

14  "Notice of Relief", requesting the defendant validate the alleged debt

15  pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

16  § 1692g(a) and 1692g(b), through certified mail receipt which is numbered

17  70081830000450347183    and attached as Exhibit B. It should be noted that

18  the defendant refused top respond to plaintiffs validation request.

19  D.                        CLAIM ONE

20      6.      The plaintiff asserts that defendant violated section

21  15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act

22  when the defendant reported to Equifax Information Services, Experian

23  Information Solutions, and Trans Union Corppporation that the plaintiff

24  is in default with the defendant in the amount of $        through

25  assignment from the original creditor. See Exhibit A

26      7.      Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.)

27  which states, " The FDCPA prohibits the false representation of the

" character, amount, or legal status" of any debt. § 1692e(2)(A). A misstatement of a debt need not be knowing or intentional to create liability under this section. Clark, 460 F.3d at 1176."

8.     The defendant intended to manipulate the plaintiff by falsely representing that the alleged debt which is a violation of the Fair Debt Collections Practices Act ("FDCPA"). This constitutes a vilation of the "Act" as a matter of law.

9.     The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

E.                          <u>CLAIM TWO</u>

10.     The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when the defendant communicated false information concerning the alleged debt that the plaintiff never owed to the defendant, nor had the alleged debt been assigned to the defendant. The defendant communicated to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation false information, stating that the defendant had been assigned to collect said debt from the plaintiff, and the plaintiff was in default for $ 888.00    to the defendant. See ExhibitA

11.     Nelson v. Equifax Information Services. LLC. 522 F. Supp. 2d 1222 (9th Cir. 2007) states, " in order to sustain a section 1692e(8) claim, a party must show that a debt collector communicated or threatened to communicate credit information which  they knew or should have known was false, including failing to communicate that debt was disputed". West Asset Management       never had a valid assignment authorizing them to pursue and report to credit bureaus alleged debts

1  associated with the plaintiff.

2    11.   Plaintiff hereby seeks statutory damages in the amount of

3  $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the

4  ("FDCPA").

5  F.                        **CLAIM THREE**

6    12.   Plaintiff asserts that defendant violated seection 15 U.S.C

7  § 1692e(10) of the Fair Debt Collections Practices Act when the defendant

8  used false and deceptive means to attempt to collect a debt from the

9  plaintiff. By communicating false information, the defendant attempted

10  to gain an advantage of an unsophisticated consumer through false

11  misrepresentation.

12    13.   Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. Lexis

13  27057 (9th Cir. 2013) states, " A debt collector violates  section

14  1692e(10) if it 'use[s]... a false representation or deceptive means

15  to  collect or attempt to collect any debt or to obtain information

16  concerning a consumer ("a debt collectors representation that a debt is

17  owed to it when in fact is not, amounts to a misrepresentation barred

18  by the ("FDCPA")."

19    14.   Plaintiff hereby seeks statutory damages in the amount of

20  $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the

21  ("FDCPA").

22  G.                        **CLAIM FOUR**

23    15.   Plaintiff asserts that defendant violated section 15 U.S.C.

24  § 1692e(12) of the Fair Debt Collections Practices Act when the

25  defendant communicated the false representation that the alleged account

26  was turned over to West Asset Management  for value to Equifax Information

27  Services, Experian Information Solutions, and Trans Union Corporation

See Exhibit **A**. The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

16.   Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states, "Section 1692e(12) prohibits " The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard and make a determination as to whether the debto would be "deceived or mislead by the misrepresentation", quoting Wade v.Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

17.   The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C § 1692e(12) of the ("FDCPA").

H.                              **CLAIM FIVE**

18.   Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collections Practices Act when the defendant used unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that West Asset Management had obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with a debt owed to the defendant with the attempt to force the plaintiff to pay the $ 888.00     allegedly owed.

19.   Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20.     Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

21.     Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

I.                         **CLAIM SIX**

22.     The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act when he refused to respond to plaintiffs validation request. The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives West Asset Management      the legal right to pursue and report to credit bureaus alleged debts associated with the plaintiff. The defendant took receipt of plaintiffs request for validation through certified mail receipt # 70081830000450347183    , which is attached as **Exhibit B** .

23.     Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, " If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion tereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification or judgement, or name and address of the original creditor, is mailed to the consumer by the debt collector." By West Asset Management refusing to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt. The defendant is in violation of section 1692g(b).

24.   The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692g(b) of the ("FDCPA").

J.                              **DAMAGES**

25.   15 U.S.C. § 1692k - Civil Liablity - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ et seq] with respect to any person is liable to such person in an amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00.

K.                        **REQUESTED RELIEF**

**CLAIM ONE:** A violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**          + $3,000.00

**CLAIM TWO:** A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant.

**TOTAL DAMAGES:**          + $3,000.00

**CLAIM THREE:** A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**          + $3,000.00

**CLAIM FOUR:** A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**          + $3,000.00

**CLAIM FIVE:** A violation of 15 U.S.C § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to the three major credit reporting agencies Equifax Information Services, Experian Information Solutions, and Trans Union Corporation of the unconscionalbe means to collect.

**TOTAL DAMAGES:**          + $3,000.00

**CLAIM SIX:** A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00 for refusing to validate the alleged debt that the defendant reported to the three credit reporting agencies, Equifax Inforamtion Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:**          + $1,000.00

Page 8 of 9

26.   The total amount of damages requested by the plaintiff is $16,350.00.

27.   The $350.00 added is the court cost associated with this action.


I Rafael Villareal , hereby declare under penalty of perjury in the state of California      , that the information stated above and any attachments to this form is true and correct.

DATED: 07/23/2015                    BY _____

                                         Rafael Villareal

Page 9 of 9

# EXHIBIT

# A

# Credit Cards, Loans & Other Debt

ere you will find specific information on each account you opened, including current status and any past due information. Positive credit information remains on your port indefinitely. Creditor contact information has been provided in order to make it easier for you to resolve any issues.

## WEST ASSET MANAGEMENT



Experian

 Unknown

**8663020858**
2703 W HIGHWAY 75
SHERMAN, TX 75092

| | |
|---|---|
| **Account Name** | WEST ASSET MANAGEMENT |
| **Account #** | 2532XXXX |
| **Account Type** | Other Collection Agencies |
| **Balance** | $888.00 |
| **Past Due** | $888.00 |
| **Date Opened** | 4/1/2010 |
| **Account Status** | |
| **Mo. Payment** | $0.00 |
| **Payment Status** | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| **High Balance** | $0.00 |
| **Limit** | $0.00 |
| **Terms** | 1 Month |
| **Comments** | |

### 24/Mo Payment History

| | 2008 | | | | | | 2009 | | | | | | | | | | | 2010 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *Month* | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | JUN |
| **Experian** | | | | | | | | | | | | | | | | | | | | | | | | CO |

# EXHIBIT

# B

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

West Asset Management
2703 West Highway 75
Sherman, TX 75092
President: Darrell Bull

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
West @ Sherman, Texas
☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (*Transfer from service label*)     7008 1830 0004 5034 7183

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

## NOTICE

**DATE:** 06/02/2015

Rafael Villareal
**(Consumer)**

**Certified Mail Number**
#
**Social Security Number**
#

West Asset Management
**(Debt Collector)**

**Alleged Account(s)**
# 2532xxxx

**SUBJECT:** Request for Validation of Debt, and Notice of Reservation of Rights for initiating a Counter Claim against the Debt Collector's official Bond.

### Consumer's Private Notice of Administrative Remedy

The private notice of administrative remedy demand is binding upon every principle agent regarding the subject matter set forth herein above.

Written communication for Validation of alleged debt(s) pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).

It has come to my attention after reviewing a copy of my credit report dated 05/14/2015 that your agency has communicated to Equifax, Transunion or Experian that I owe ($) 888.00 to your company. Please note that I consider your demand for money a written communication from a debt collector. I now exercise my rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation of the alleged debt.

I have included with this notice for proof of debt also known as a "DEBT COLLECTION DISCLOSURE STATEMENT" for the legitimate purpose of insuring that your agency's validation is executed in accordance with the laws codified in TITLE 15 U.S.C. § 1692g and must be completed in full by your agency and returned to me within thirty days 30

**PAGE 1 of 5**

of your agency's receipt.

CAVEAT

1.     I am respectfully providing advance notice to your agency of the civil liabilities under **TITLE 15 U.S.C. § 1692** for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2.     Upon receipt of this **NOTICE**, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the **FAIR DEBT COLLECTION PRACTICES ACT.**

3.     If debt collector, such as by commission, omission, and other wise:

> (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.
>
> (b) Makes false representation of the character of herein above referenced alleged debt.
>
> (c) Makes false representation of the legal status of the herein above referenced alleged debt.
>
> (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the **FAIR DEBT COLLECTION PRACTICES ACT.**

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.     Debt Collector is also hereby given **Notice** that:

PAGE 2 of 5

**DISCLOSURE STATEMENT ATTACHED**

      (a) Debt Collector's unsubstantiated demand for payment. A
            a scheme to be delivered by mail may constitute mail fraud
            under the State and Federal Laws. (Debt Collector may wish
            to consult with a competent legal council before
            originating any further communication with respondent)

      (b) Debt Collector's failure in providing respondent the
            requisite Verification, Validating the above referenced
            alleged debt within the requirements of law as coded in the
            **FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding
            laws of each state signifies that debt collector tacitly
            agrees that:

I       Debt Collector has no lawful, bona fide, verifiable claim
        regarding the above referenced alleged account.

II      Debt Collector waives any and all claims against respondent.

III     Debt Collector tacitly agrees that Debt Collector will
        **compensate** respondent for al cost, fees, and expenses
        incurred in defending against this claim and any continued
        fraudulent collection attempts regarding the above referenced
        alleged account.

5.     This is also an attempt for determining the nature and basis
of a case or counterclaim against the debt collector, and any
information contained within debt collector's commission, omission,
and the like will be used for that purpose.

**PAGE 3 of 5**

<u>THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A
COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:</u>

<u>West Asset Management</u>
   NAME OF COMPANY OR BOND HOLDER

### ***CAVEAT***

7.    In the event that the debt collector does not respond to this
"Notice" within the prescribed time limit for reponᴵᴵe and there has
likewise been no request for extension of time with good cause shown
therein, then the debt collector agrees that debt collector has
submitted a fraudulent claim against respondent, and reespondent can
file a law suit for costs, fees, and injuries incurred defending
against this fraudulent collection by debt collector regarding the
above referenced account.

PAGE 4 of 5

## VERIFICATION AND CERTIFICATION

8.      The undersigned consumer, Rafael Villareal_____ does herein swear, declare, and affirm that this notice for validation of debt and reservation of rights that the consumer can competently state the matter set forth herein, that the contents are true, correct, and complete. This verification and certification is executed this 2nd___ day of June 2015.

_____
(Signature of Consumer)

## PROOF OF SERVICE

I declare under penalty of perjury under the State of California that I personally mailed a  "Notice for Validation of Debt" (5 Pages) and "Debt Collector's Disclosure Statement" (3 Pages) to all parties listed below at:

West Asset Management

2703 West Highway 75

Sherman Texas 75092

On this 2 nd_____ day of June 2015_____, I certify this to be true, correct, and complete.

_____
(Signature of Consumer)

**PAGE 5 of 5**

Rafael Villareal 44234049
Federal Correctional Institute 2
Post office Box 3850
Adelanto, CA 92301





RECEIVED
CLERK, U.S. DISTRICT COURT

AUG 24 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

United States Courthouse
Office of the Clerk
U.S. courthouse, Room G8
Los Angeles, CA  90012